**In re Dennis Alan SINCLAIR, Debtors.**

**HOUSEHOLD BANK, F.S.B., Plaintiff,**

v.

**Madalyn Ann SINCLAIR, Defendant.**

**Bankruptcy No. 95–03584–8C7.
Adv. No. 95–489.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Jan. 8, 1996.

Gary J. Lublin, Stump, Storey & Callahan, P.A., Orlando, Florida, for plaintiff.

Madalyn Ann Sinclair, pro se.

*ORDER DENYING PLAINTIFF'S
MOTION FOR JUDGMENT
BY DEFAULT*

C. TIMOTHY CORCORAN, III,
Bankruptcy Judge.

This adversary proceeding came on for consideration of the plaintiff's motion for judgment by default. The file reflects that the plaintiff filed this adversary proceeding on July 14, 1995. The proceeding seeks a determination that a credit card indebtedness be excepted from the Chapter 7 debtor's discharge pursuant to the provisions of Section 523(a)(2)(A) of the Bankruptcy Code. The clerk entered a default against the debtor/defendant on December 8, 1995, for failure to plead or otherwise defend.

The plaintiff has filed in support of its motion for judgment by default an affidavit

as required by Local Rule 2.09.[1] Although the affidavit is replete with assertions about the defendant's fraud and misrepresentations in connection with obtaining and using the credit card, all of these assertions contained in the affidavit are conclusory and the affiant obviously has no basis upon which to make those assertions. Instead, the only admissible evidence that is relevant contained in the affidavit is the following:

a. The debtor/defendant opened a credit card account with the plaintiff bank on May 23, 1994. The debtor/defendant's credit limit on the card was $3,000.

b. The debtor/defendant used the credit card from July 15, 1994, through August 9, 1994, and ran up a balance of approximately $3,700.

c. The debtor/defendant never made a payment on the credit card.

d. The debtor/defendant filed this Chapter 7 bankruptcy case on April 14, 1995. In the debtor's schedules, the debtor reflected a then current monthly income of $1,504 while her then current monthly expenses, not including her unsecured debt, was $1,516 and her unsecured debt was $34,293.46.

■ Although the clerk has entered a default against the debtor/defendant, the entry of a judgment by default is within the court's sound discretion. 6 J. Moore, *Moore's Federal Practice* ¶ 55.05[2] at 55–28 (2d ed. 1995). Among the factors that the court may consider in exercising this discretion is the merits of the plaintiff's substantive claim. *Id.* at 55–29, 30.

In this case, the admissible evidence clearly fails to support the plaintiff's claim of nondischargeability pursuant to the provisions of Section 523(a)(2)(A). *First National Bank of Mobile v. Roddenberry*, 701 F.2d 927 (11th Cir.1983), stands for the proposition that the bankruptcy court must examine the transactions individually to determine whether the credit cardholder used the card with an intentional concealment of insolvency at the time of use. Thus, the court held, debts incurred before unconditional revocation of a credit cardholder's right to use and possess that card may be dischargeable, while debts incurred after the unconditional revocation are to be excepted from the discharge. *Id.* Similarly, *American Express Travel Related Services Co. v. Diaz (In re Diaz)*, 185 B.R. 867 (Bankr.M.D.Fla.1994), stands for the proposition that debts incurred by a credit cardholder after the cardholder has already decided to file bankruptcy are to be excepted from the discharge.

The plaintiff here has demonstrated nothing of the kind of fraudulent credit card use that these and other authorities suggest is required to support a determination of non-dischargeability. The plaintiff only alleges that the debtor/defendant used the credit card some eight to nine months before the debtor/defendant filed her Chapter 7 bankruptcy case. The plaintiff would require the court to make major leaps to conclude that the debtor's use of the card was fraudulent at the time of use. The plaintiff has done nothing to link that use to the debtor/defendant's then financial condition and the like that might lead to an inference of fraudulent use.

For these reasons, the plaintiff has failed to make out a prima facie case of the non-dischargeability of this indebtedness. Accordingly, the court denies the motion for judgment by default.

DONE and ORDERED.

---

1. The "affidavit" is in fact not an affidavit. In an affidavit, of course, the affiant makes an oath or affirmation as to the truth of the facts stated in the affidavit. *Cf.* F.R.Evid. 603. If a notary public administers the oath, the notary's jurat or certificate of administration of the oath must be in correct form. *See, e.g.,* § 117.05(16)(a), Fla. Stat. A notary public's certificate of acknowledgment of execution in lieu of an oath is insufficient. § 117.03, Fla.Stat. (A certificate of acknowledgment of execution is a requirement for recording an instrument in the public records; it has nothing to do with a witness swearing to the truth of the facts stated. §§ 695.03 and 695.25, Fla.Stat. *See, also,* § 117.05(16)(b)–(c).) In this case, the affidavit contains a certificate of acknowledgment only.